```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                                    )
                                    )
MARRION A. FLANNIGAN                )
                                    ) Civil Action No. 06-1350
            Plaintiff,              )
                                    ) Gary L. Lancaster
                                    ) U.S. District Judge
        v.                          )
                                    ) Francis X. Caiazza
                                    ) Magistrate Judge
                                    )
BOROUGH OF AMBRIDGE, JOSEPH         )
MAYKUTH, individually and           )
officially; ROBERT THOMPSON,        )
individually and officially;        )
and RICK BUFALINI, individually     )
and officially;                     )
                                    )
            Defendants.             )
                                    )
```

## MEMORANDUM OPINION

Acting pursuant to Fed. R. Civ. P. 4(e) and Pa. R. Civ. P. 430(e)(1) Marrion Flannigan ("Flannigan" or "the Plaintiff"), who has thus far been unsuccessful in serving Defendant Thompson, has filed a Motion to Permit Service by Posting. This motion is denied without prejudice.

## BACKGROUND

Flannigan first attempted service on Thompson pursuant to F. R. Civ. P. 4(e)(2) "by delivering a copy of the summons and the complaint to [Thompson] personally" and by "delivering a copy of the summons and of the complaint to an agent authorized . . . to receive service of process." These attempts were unsuccessful.[1]

Relying on Fed. R. Civ. P., 4(e)(1), Flannigan then

---

[1] In his motion Flannigan's attorney states that counsel for the remaining defendants in this matter and counsel to Thompson in another matter refused to accept service for Thompson because Thompson is no longer employed by the Ambridge Police Department.

attempted service "pursuant to the law of [Pennsylvania]." In accordance with Pa. R. Civ. P. 403 the relevant documents were sent to Thompson via certified mail, return receipt requested, at his former place of employment and at his residence. Thompson failed to claim either piece of mail.

At this juncture, Flannigan invokes Pa. R. Civ. P. 430(a) which provides: "If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."

With his Motion, Flannigan has filed an affidavit prepared by process server, Nik Zdral. Zdral avers that he unsuccessfully attempted to serve Thompson in person twelve times on eleven different dates. He also states that mail at Thompson's home address has been picked up regularly, and that a slip left by a cable company employee was removed from the door of Thompson's house.

**ANALYSIS**

The court has carefully reviewed the Motion, the supporting affidavit, and the law. The law is clear that alternative service is only appropriate when service cannot be made under an applicable rule of civil procedure. Calabro v. Leiner, ___F. Supp. 2d ___, 2006 WL 3691561 *2, Civ. No. 06-3820 (E.D. Pa. Dec. 14, 2006; Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D.

Pa. 2004) (citing Pa. R. Civ. P. 430(a)). As a result, Flannigan's motion is premature.

Flannigan has not yet attempted service via regular mail as described in Pa. R. Civ. P. 403(1). That rule provides that if, as here, certified mail is unclaimed by the defendant, the plaintiff may effect service by mailing documents to the defendant at the same address by ordinary mail showing a return address. Service by regular mail is deemed complete if the mail is not returned to the sender within fifteen days after mailing. The court is not prepared to conclude in advance that attempting service by regular mail is an exercise in futility. In the event that the attempt does fail, however, the plaintiff may renew the motion for alternate service.

If the Plaintiff renews the motion, a more complete affidavit should accompany it. Service of process is not a mere technicality, and the court must assure itself that the method of service sought is calculated to notify the Defendant both that there is an action pending against him, and that he has the opportunity to respond. Calabro, 2006 WL 3691561 at *1 (citing Mullane v. Central Hanover Bank & Trust Co, 399 U.S. 306 (1950)). The court in Calabro formulated a set of conditions for alternate service which govern here, as well.

First, the plaintiff must demonstrate that there has been a "good faith" effort to determine that the defendant lives at the address where service was attempted. Grove, 222 F.R.D. at 256; Adoption of Walker, 468 Pa. 165, 360 A.2d 603 (1976). Examples of such effort include questioning the defendant's relatives,

friends, and neighbors. Other examples might consist of examining postal records, local tax records, telephone directories, voter registration data, or local tax records to determine where the defendant actually lives or works. Pa. R. Civ. P. 430(a), note.

A plaintiff must also show the court that there have been practical attempts to serve the defendant. "Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day." Calabro, 2006 WL 3691561 at *2.

Finally, the plaintiff must satisfy the court that the proposed means of service are likely to make the defendant aware of the proceedings against him. Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa.1997). The only alternate method of service described in Pa. R. Civ. P.430 is publication, although other means are not precluded. Requests for service by publication have received regular consideration by the courts, and have been granted only where the court is convinced that the published notice is placed where it is most likely to be seen by the defendant.[2] A showing that the method of service requested is calculated to notify the defendant of the action is an essential component of any supporting affidavit.[3]

---

[2] Illustrative cases are collected at Callabro, 2006 WL 3691561 at *1 n.3

[3] Because the affidavit submitted to the court does not detail how the Defendant's address was determined or verified, the court does not have a basis upon which to conclude that posting a notice at the residence mentioned in the affidavit would be likely to reach the Defendant. Were the affidavit more complete, the court might well have grounds to find that service by posting would be a reasonable alternative method of service.

## II. CONCLUSION

     For the foregoing reasons, the Plaintiff's Motion to Permit Service by Posting (Doc. 10) is denied without prejudice. An appropriate Order follows.

## ORDER

AND NOW, it is hereby **ORDERED** that the Plaintiff's Motion to Permit Service by Posting (Doc. 10) is **DENIED** without prejudice.

**SO ORDERED** this 1st day of February, 2007.

S/ Francis X. Caiazza

Francis X. Caiazza
U. S. Magistrate Judge

cc:

Counsel of Record
Via Electronic Mail